# EXHIBIT B
# 1:24-CV-00842

Filed: 6/25/2024 9:38 AM
Lisa David, District Clerk
Williamson County, Texas
Michele Darlene Rodriguez

24-1203-C368

**CAUSE NO. ________________**

Declarant/Authorized Process Server

| | | |
|---|---|---|
| **DONALD COX**<br>**Plaintiff** | §<br>§ | **IN THE DISTRICT COURT** |
| **VS.** | §<br>§<br>§ | Williamson County - 368th Judicial District Court |
| **SAM'S WEST, INC. and/or SAM'S EAST, INC. and/or and/or WAL-MART STORES, INC. and/or WAL-MART STORES TEXAS, LLC and/or SAMS WHOLESALE CLUB #6259 and/or SAM'S CLUB**<br>**Defendants** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **_____ JUDICIAL DISTRICT**<br><br>**WILLIAMSON COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **DONALD COX**, hereinafter referred to as "Plaintiff", complaining of **SAM'S WEST, INC. and/or SAM'S EAST, INC. and/or WAL-MART STORES, INC. and/or WAL-MART STORES TEXAS, LLC and/or SAMS WHOLESALE CLUB #6259 and/or SAM'S CLUB individually or collectively dba SAM'S CLUB**, hereinafter referred to as individually or collectively as "Defendants", and for causes of action would respectfully show unto this Honorable Court the following:

I.

Pursuant to Rule 190.4, Plaintiff requests that the Court conduct discovery in this matter under Level 3 of the Discovery Control Plan.

**PARTIES**

II.

Plaintiff is an individual residing in Pflugerville, Travis County, Texas.

Defendants **SAM'S WEST, INC. and/or SAM'S EAST, INC. and/or WAL-MART STORES, INC. and/or WAL-MART STORES TEXAS, LLC and/or SAMS**



Envelope# 89150295

lists Sam's East, Inc. as a company doing business under the assumed name of Sam's **WHOLESALE CLUB #6259 and/or SAM'S CLUB, individually or collectively dba SAM'S CLUB**, are companies doing business in Williamson County, Texas and may be each properly served with process through the same registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Plaintiff believes one or more of the entities named above owns and/or controls the property located at 130 Sundance Parkway, Suite 300, Round Rock, Williamson County, Texas, either individually or collectively. Nevertheless, Plaintiff brings suit against Sam's Club as an assumed or trade name under Rule 28 of the Texas Rules of Civil Procedure.

**VENUE**

III.

Pursuant to Texas Rules of Civil Procedure, venue in this cause of action is properly placed in Williamson County, Texas in that the incident occurred and the cause of action accrued in Williamson County.

**FACTS**

IV.

On or about June 26, 2022, Plaintiff was a business invitee on the premises of one or more of the named Defendants located at 130 Sundance Parkway, Suite 300, Round Rock, Texas 78735 (Sam's Club). Correspondence from the store's agent and the Round Rock Chamber of Commerce website indicate the store is named "Sam's Club" and is doing business in that name. The Williamson County Appraisal District shows the personal property to be owned by Defendant Sams Wholesale Club #6259 and the real property to be owned by Defendant Wal-Mart Stores Inc. The Secretary of State's website

Club. Plaintiff also believes that the correct name of the entity in control of the store may be Wal-Mart Stores Texas, LLC. The store's website indicates that it is run by Sam's West, Inc. One or more of these entities controlled the premises of the Sam's Club store.

Plaintiff was on the property as a business invitee and for the mutual financial benefit of Plaintiff and one or more of the Defendants. Plaintiff was walking near a flower display. As Plaintiff walked past the flower display, he fell due to water on the floor. The flowers are kept fresh by Sam's Club employees watering the flowers. The wet surface was not obvious to Plaintiff. The water created a dangerous tripping condition. There were no warning signs indicating the dangerous condition. As a result of this fall, Plaintiff has suffered serious bodily injuries and damages, which injuries and acts of negligence Plaintiff reserves the right to plead further subsequent to the taking of depositions in this case.

**NEGLIGENCE**

V.

That on the occasion in question, Defendants, individually or collectively, were guilty of numerous acts and/or omissions of negligence including, but not limited to the following:

1. Failing to maintain its premises in a reasonably safe manner for the Plaintiff;

2. Failing to reasonably inspect its premises to discover the dangerous condition;

3. Failing to warn Plaintiff of the dangerous condition on its premises;

4. Failing to keep the floor free of dangerous conditions to ensure the safety of invitees; and

5. Failing to exercise reasonable care to reduce or eliminate the risk when Defendant had actual or constructive knowledge of a condition on its premises which posed an unreasonable risk to its business invitees.

One or more of the foregoing negligent acts listed above, singularly or in combination with others was a proximate cause of Plaintiff's resulting injuries and damages.

## DAMAGES

VI.

As a result of the negligent conduct of Defendant, Plaintiff suffered bodily injuries. Because of the negligence of Defendant, Plaintiff has suffered damages within the jurisdictional limits of the Court, which include past and future reasonable and necessary medical expenses, past and future physical impairment, past and future lost wages and loss of earning capacity, past and future physical pain and suffering, and mental anguish. By reason of the above, Plaintiff seeks an amount of money that a judge or jury determines to be fair and reasonable and within the jurisdictional limits of the court and for which the Plaintiff sues. Further, pursuant to Rule 47, Plaintiff states that he seeks monetary relief of $250,000, but not more than $1,000,000.

## PRAYER

VII.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that on final trial thereof, Plaintiff have and recover damages in an amount within the jurisdictional limits of this Court, prejudgment interest at the highest lawful rate, post-judgment interest at the highest possible rate, court costs, and such other and further relief, whether special or general, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**WILLIAMS & THORSON LLP**

By: /s/ Paul D. Thorson
PAUL D. THORSON
State Bar No. 00797554
6444 Broadway
Garland, Texas 75043
(972)226-4900 Telephone
(972)226-4903 Telecopier
paul@williamsthorson.com
**ATTORNEY FOR PLAINTIFF**